# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 5, 2022

Lyle W. Cayce
Clerk

No. 21-40633
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MANUEL CAMILO RENTERIA LEMUS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:19-CR-26-1

Before SOUTHWICK, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:*

Manuel Camilo Renteria Lemus pled guilty to conspiracy to distribute five kilograms or more of cocaine, intending, knowing, or with reasonable cause to believe it would be unlawfully imported into the United States, in violation 21 U.S.C. §§ 959, 960, and 963, and manufacturing and distributing

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-40633

five kilograms or more of cocaine, intending, knowing, or with reasonable cause to believe it would be unlawfully imported into the United States, in violation 21 U.S.C. §§ 959 and 960.  The district court sentenced Renteria Lemus to 327 months of imprisonment.  On appeal, Renteria Lemus challenges the district court's application of a four-level sentencing enhancement under U.S.S.G. § 3B1.1(a), which was based on the determination that he was a leader or organizer of a conspiracy involving more than five participants.

Whether a defendant exercised an aggravating role as a leader or organizer for purposes of an adjustment under § 3B1.1(a) is a finding of fact reviewed for clear error.  *See United States v. Dickerson*, 909 F.3d 118, 127 (5th Cir. 2018).  In making factual determinations pursuant to the Sentencing Guidelines, a district court may base its findings on "any information that has sufficient indicia of reliability to support its probable accuracy."  *United States v. Valdez*, 453 F.3d 252, 267 (5th Cir. 2006) (internal quotation marks and citation omitted).

The district court's determination that Renteria Lemus was a leader or organizer was plausible in light of the record as a whole.  *See United States v. Zuniga*, 720 F.3d 587, 590 (5th Cir. 2013); § 3B1.1, comment. (n.4).  The evidence adequately supports the finding that Renteria Lemus was a high-ranking member of the Clan del Golfo cartel.  The information supporting Renteria Lemus's leadership role bears sufficient indicia of reliability because it is based on intercepted phone communications, documentary evidence, corroborating statements of multiple witnesses, and the testimony of an agent involved in the investigation.  *See* U.S.S.G. § 6A1.3, p.s.  Renteria Lemus has presented no rebuttal evidence.  *See Dickerson*, 909 F.3d at 128.

AFFIRMED.